JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
FRANCIS J. ZEBARI, IDAHO STATE BAR NO. 8950
KEVIN T. MALONEY, IDAHO STATE BAR NO. 5095
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MARK WOODLAND, a/k/a "WOODY," <br><br> Defendant. | Case No. 1:19-cr-158-DCN-10 <br><br> **UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT MARK WOODLAND'S MOTION TO PROCEED** *PRO SE* |

The United States of America, by and through Joshua D. Hurwit, United States Attorney for the District of Idaho, and the undersigned Assistant United States Attorneys for said District, respectfully submits this memorandum regarding Ms. Fyffe's and Ms. French's motion to withdraw as counsel, which is scheduled for a hearing on August 31, 2022.

If the Defendant Mark Woodland ("Defendant") states at the hearing that he wishes to represent himself, the Court should proceed with a *Faretta* inquiry. While a defendant has the constitutional right to self-representation, the decision to waive the right to counsel is valid only if it is "timely, not for the purposes of delay, unequivocal, and knowing and intelligent." *United*

States v. Keen*, 96 F.3d 425, 427 (9th Cir. 1996), *amended by* 104 F.3d 1111 (9th Cir. 1997); *Faretta v. California*, 422 U.S. 806, 835 (1975). In order to establish that a defendant has knowingly and intelligently waived his right to counsel, the Ninth Circuit requires that the defendant be made aware of the "three elements of self-representation: [I]t must be established that the defendant was 'aware of the nature of the charges against him, the possible penalties, and the dangers and disadvantages of self-representation.'" *Keen*, 96 F.3d at 427-28 (quoting *United States v. Mohawk*, 20 F.3d 1480, 1484 (9th Cir. 1994)).

As an initial matter, the United States notes that a model inquiry for federal judges is set forth in 1 Bench Book for United States District Judges § 1.02 (5th ed. 2007). While other circuits have required federal judges to follow this meticulous litany, *United States v. McDowell*, 814 F.2d 245, 249-52 (6th Cir. 1987), the Ninth Circuit has opted for a more fluid approach. *See Keen*, 96 F.3d at 427.

Nonetheless, the United States suggests that the Court follow the model inquiry set forth in the Bench Book and supplement the inquiry, if necessary, to ensure that the following topics are covered with the defendant:

    **A.    Defendant's Waiver of Counsel is Unequivocal**

The Defendant must unequivocally state on the record that he is aware that he has a constitutional right to be represented by counsel, but that he desires to waive that right and proceed *pro se*.

    **B.    Defendant's Background and Experience**

    1.    The defendant's educational background.

    2.    The defendant's work experience.

3. The defendant's training in the law and knowledge of the legal system, including whether he has ever studied law.

4. The defendant's prior experience with the legal system (as party, juror, or witness).

5. The defendant's physical and mental health.

6. Whether any threats or promises have been made by anyone to influence the defendant's decision.

### C. The Nature of the Charges

The Defendant is charged in the Indictment with Attempted Murder and Assault with a Dangerous Weapon in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(3), (a)(5), and 18 U.S.C. § 2.

#### 1. Attempted Murder and Assault with a Dangerous Weapon in Aid of Racketeering

The elements of the crime of Attempted Murder and Assault with a Dangerous Weapon in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(3), (a)(5), and 18 U.S.C. § 2, as charged in Count Three of the Indictment, are as follows:

1. On or about the time period described in Count Three, there was an "enterprise" as defined in 18 U.S.C. § 1959(b)(2);

2. The charged enterprise engaged in, or its activities affected, interstate or foreign commerce;

3. The enterprise engaged in "racketeering activity" as defined in 18 U.S.C. §§ 1959(b)(1) and 1961(1);

4. The Defendant committed the alleged violent crime in violation of state or federal law; and

> 5. Such underlying violent crime was committed either for the purpose of gaining entrance to, or maintaining, or increasing position in the enterprise.

An "enterprise" is defined as any individual, partnership, corporation, association, or other legal entity, and any group of individuals associated in fact although not a legal entity. *See* 18 U.S.C. § 1961(4).

"Racketeering activity" is defined as any one of the criminal acts listed in 18 U.S.C. § 1961(1), and includes "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year," and acts indictable under 18 U.S.C. § 1956 (relating to money laundering), 21 U.S.C. §§ 841(a) and 846 (relating to trafficking of controlled substances), 18 U.S.C. §§ 891-894 (relating to extortionate credit transactions), 18 U.S.C. § 1512 (relating to tampering with a witness, victim, or an informant), and 18 U.S.C. § 1513 (relating to retaliating against a witness, victim, or an informant). *See* 18 U.S.C. § 1961(1).

### 2. The Indictment

The Court should inquire as to whether the Defendant has been provided with a copy of the Indictment, has read the Indictment, and understands the charges contained therein. The Court should also inquire of Ms. Fyffe and Ms. French as to whether they reviewed the Indictment and explained the charges to the Defendant.

### D. The Possible Penalties

The maximum statutory penalty for the offense is as follows:

1. a term of imprisonment of up to 20 years;

2. a term of supervised release of not more than 3 years;

3. a maximum fine of $250,000; and

4. a special assessment of $100.

The Defendant should be advised that once released from prison, he will serve a term of supervised release, which should be explained to the defendant.

The Defendant should be advised that the Court could order him to pay restitution.

The Defendant should be advised that if convicted, the Court can order that the sentence be served consecutively to any state sentences.

The Defendant should be advised that they are advisory Sentencing Guidelines that may have an effect on his sentence if he is found guilty.

The Defendant should be advised that under the Sentencing Guidelines, parole has been abolished and that the defendant will serve virtually all of his sentence in prison.

**E. The Dangers and Disadvantages of Self-Representation**

The Ninth Circuit also has provided some guidance as to the areas that the Court should cover in explaining the dangers and disadvantages of self-representation. As the Court stated in *United States v. Hayes*, 231 F.3d 1132, 1138 (9th Cir. 2000):

> We do not intend to set forth what would be a minimum explanation to meet the "dangers and disadvantages" demands of *Faretta*. Having said this, we believe that the necessary explanation need not be lengthy or pedantic; it should not be as complex and rigid as is now required in the taking of a guilty plea. There is no required formula. For example, and for the sole purpose of giving guidance to the district courts, we believe that the following illustrative discussion comports with *Faretta's* requirements:
>
> The court will now tell you about some of the dangers and disadvantages of representing yourself. You will have to abide by the same rules in court as lawyers do. Even if you make mistakes,

you will be given no special privileges or benefits, and the judge will not help you. The government is represented by a trained, skilled prosecutor who is experienced in criminal law and court procedures. Unlike the prosecutor you will face in this case, you will be exposed to the dangers and disadvantages of not knowing the complexities of jury selection, what constitutes a permissible opening statement to the jury, what is admissible evidence, what is appropriate direct and cross examination of witnesses, what motions you must make and when to make them during the trial to permit you to make post-trial motions and protect your rights on appeal, and what constitutes appropriate closing argument to the jury.

The United States also requests that the Court review the following matters:

1. The Defendant's familiarity with the Federal Rules of Evidence. The Defendant should be advised that the Federal Rules of Evidence will govern what evidence may or may not be introduced at trial and that the Defendant must abide by those rules in representing himself.

2. The Defendant's familiarity with the Federal Rules of Criminal Procedure. The Defendant should be advised that these rules govern the way in which a criminal action is tried in federal court.

3. The Defendant should be vigorously warned about the dangers of self-representation including limited access to investigators, law books, and other legal resources.

4. The Defendant should be advised that he must meet the standards of a practicing attorney in dealing with courtroom procedures and in conducting himself in the courtroom.

5. The Defendant should be advised that he would be required to prepare jury instructions and he should be warned of the complicated nature of those instructions in a RICO case.

**UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT MARK WOODLAND'S MOTION TO PROCEED *PRO SE* - 6**

6. The Court should fully advise the defendant of the benefits of being represented by an attorney.

7. The Court should also question the Defendant's ability to act as his own attorney.

8. The Defendant should also be advised that because of his incarceration in the Idaho state prison system, that the disadvantages of self-representation may be even more severe for him than a typical defendant, especially in terms of access to resources. His decision to represent himself will not provide him with any additional privileges or accommodations at the prison. His custodial situation may increase the difficulties of self-representation.

Respectfully submitted this 1st day of September, 2022.

JOSHUA D. HURWIT
United States Attorney
By:


*/s/ Francis J. Zebari*
Francis J. Zebari
Kevin T. Maloney
Assistant United States Attorneys

**UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT MARK WOODLAND'S MOTION TO PROCEED *PRO SE* - 7**

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 1, 2022, the foregoing **UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT MARK WOODLAND'S MOTION TO PROCEED *PRO SE*** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by:

| | |
|---|---|
| Robyn Fyffe<br>Mike French<br>robyn@fyffelaw.com<br>mike@bartlettfrench.com<br>*Attorneys for Mark Woodland* | ☐ United States Mail, postage prepaid<br>☐ Fax<br>☒ ECF filing<br>☐ E-mail |

       */s/ Wendy Wheeler*
       Legal Assistant